UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shah Quran Ehassan Aziz,                                Civil No. 07-3208 (JRT/FLN)

       Plaintiff,

       v.                                              **REPORT AND RECOMMENDATION**

Lynn Dingle,
Warden,

       Defendant.
_____

Shah Quran Ehassan Aziz, *Pro Se* Petitioner.
J. Michael Richardson for Defendant.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#1]. This Court issued an Order directing the Respondent to show cause as to why Petitioner's Writ should not be granted [#4]. Respondent filed a response seeking dismissal of Petitioner's petition [##5, 6]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons that follow, the Court recommends Petitioner's petition be denied.

## I. BACKGROUND

Petitioner Shah Quran Ehassan Aziz, a prisoner of the State of Minnesota, is currently incarcerated at the Minnesota Correctional Facility Stillwater. Petitioner is serving a 216-month sentence that was imposed by a Minnesota state district court after a jury found him guilty of kidnapping and solicitation of prostitution.

Petitioner appealed his conviction to the Minnesota Court of Appeals, which affirmed his conviction. *See State v. Aziz*, No. C8-99-910, 2000 WL 1100222 (Minn. Ct. App. August 8, 2000),

*review denied* (Oct. 17, 2000). During his appeal, "Aziz contend[ed] the trial court erred in refusing to grant a continuance; he was denied effective assistance of counsel because his attorney failed to subpeona [a witness]; and the prosecutor commited prejudicial misconduct in his final argument." *Aziz*, 2000 WL 1100222 , at *6. The Minnesota Supreme Court denied Petitioner's petition for further review.

After the resolution of his direct appeal, Petitioner filed his first petition for post-conviction relief. In his petition, he raised eight issues, which included a challenge to the search and seizure that led to his arrest. The district court denied his petition without hearing because the issue of search and seizure was not raised in the direct appeal. Petitioner appealed the district court's decision to the Court of Appeals, which affirmed the district court. *See Aziz v. State*, No. C3-02-79 (Minn. Ct. App. Aug. 13, 2002). In its Order Opinion, the Court of Appeals stated "appellant did not raise the issue of search and seizure in his direct appeal, but any such claim would have been known at the time of trial." *Aziz*, C3-02-79, at *5-6.

Petitioner filed a second petition for post-conviction relief and a state petition for habeas corpus. The petitions were based upon ambiguity in the aggravated kidnapping statute. The district court denied the petition for post-conviction relief on July 22, 2003, and the state petition for habeas corpus on October 20, 2003. On February 10, 2007, the Court of Appeals affirmed the district court's denial of both petitions. *See Aziz v. State*, No. A03-1359 and A03-1626 (Minn. Ct. App. Feb. 10, 2004), *review denied* (May 18, 2004). The district court and Court of Appeals did not reach the merits of Petitioner's claims because they were known at the time of the direct appeal and not raised at that time. *Id*. The Minnesota Supreme Court denied Petitioner's petition for further review.

Petitioner filed a third petition for post-conviction relief. In this petition, Petitioner argued that he received multiple sentences for a single behavioral incident and that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which was announced while Petitioner's direct appeal was pending. The Court of Appeals affirmed the district court's denial of the petition because these issues were known and not raised at the time of appeal. *See Aziz v. State*, A06-485, 2007 WL 1121279 (Minn.App. Apr 17, 2007), *review denied* (Jun 27, 2007). In affirming the district court, the Court of Appeals found that Petitioner's failure to raise these issues in his appeal were not excused because he did not receive double punishment and the rule in *Apprendi* or *Blakely v. Washington*, 542 U.S. 296 (2004), is not retroactive. The Minnesota Supreme Court denied Petitioner's petition for further review.

Petitioner then filed the instant Petition seeking federal habeas review of his conviction and sentence. The Petition lists four grounds for relief: 1) that the factual basis for an upward durational departure should have been submitted to a jury; 2) that the sentence imposed constituted multiple punishments for the same offense; 3) that an unreasonable search and seizure led to the arrest of the Petitioner; and 4) that Petitioner's Constitutional rights were violated when the trial court excluded a defense witness from testifying. Petitioner did not argue any of these claims upon direct appeal, although other issues related to the witness mentioned in the fourth claim were addressed. Petitioner attempted to argue other claims in his post-conviction petitions, but the district court and the Court of Appeals refused to address the claims because they could have been raised in the direct appeal but were not.

For the reasons discussed below, the Court concludes that Petitioner is not entitled to a writ of habeas corpus on any of his four claims for relief.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") sets forth the standards that govern this Court's review of habeas corpus claims raised by state prisoners. The relevant portion of the AEDPA, 28 U.S.C. § 2254(d), provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

In *Williams v. Taylor*, 529 U.S. 362 (2000), the United States Supreme Court discussed the meaning of this statute, and how it should be applied by the federal district courts. The Court held that:

> A state-court decision can be "contrary to" this Court's clearly established precedent in two ways. First, a state-court decision is contrary to this Court's precedent if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours....
>
> Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id*. at 405, 413. The Court further explained the "unreasonable application" clause:

> A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id*. 529 U.S. at 409, 411.

A writ of habeas corpus may also be available where the state courts' resolution of a case is based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2). In other words, habeas relief can be granted if the state court's judgment is based on findings of fact that could not reasonably be derived from the evidentiary record. When reviewing a state court decision, however, a "federal court...presumes that the state court's factual determinations are correct," and that presumption "may be rebutted only by clear and convincing evidence." *Lee v. Gammon*, 222 F.3d 441, 442 (8th Cir. 2000).

Needless to say, a federal district court is not allowed to conduct its own de novo review of a habeas petitioner's constitutional claims. Habeas relief cannot be granted unless the petitioner has identified, and substantiated, a specific error committed by the state courts. Moreover, he must show that the state courts committed the type of error that is actionable under § 2254(d), as that statute has been interpreted by the Supreme Court in *Williams*.

### III. DISCUSSION

**Petitioner's Claims Are Procedurally Barred Because He Did Not Fairly Present Them to the State Courts**.

A state prisoner must normally exhaust all available state judicial remedies before a federal court will entertain a petition for habeas corpus. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The state courts must have the first opportunity to hear the claim and "pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quotation omitted). The exhaustion requirement is not satisfied unless the habeas petitioner has raised all of his claims at every available level of the state court appeal process. *O'Sullivan*, 526 U.S. at 845; *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). If one of the

claims is unexhausted, then the entire petition is dismissed as one that mixes exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Petitioner has failed to exhaust all four grounds stated in his petition. These claims do not satisfy the exhaustion requirement because of a procedural bar at the state court level. Under Minnesota state law, when a petitioner has directly appealed a conviction, all claims raised in the appeal and all matters that were known but not raised, "will not be considered upon a subsequent petition for post-conviction relief." *Greer v. State*, 673 N.W.2d 151, 155 (Minn. 2004) (citations omitted). On his direct appeal, Petitioner failed to raise these grounds presented in his petition to either state appellate court. During the litigation of his petitions for post-conviction relief, both the district court and the Court of Appeals found that Petitioner's claims were "matters known but not raised." His failure to present these claims in his direct appeal has effectively barred him from raising them again in a collateral state court action. *Id*. Accordingly, Petitioner's claims are procedurally defaulted pursuant to Minnesota law.

When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court. *Yist v. Nunnemaker*, 501 U.S. 797, 801 (1991). A claim that has been procedurally defaulted in the state courts will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has not argued or demonstrated cause for failing to properly pursue his claims in his appeal to the state appellate courts. Nor has he made any contention or showing of actual innocence necessary to invoke the fundamental miscarriage of justice exception. *See McCall v. Benson*, 114 F.3d 754,

758 (1997). Accordingly, Petitioner's claims should be rejected on the grounds of procedural default.

## IV.  RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [#1] be **DENIED**.


DATED: January 24, 2008                               *s/ Franklin L. Noel*
                                                                        FRANKLIN L. NOEL
                                                                        United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 12, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.