# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

SHAH QURAN EHASSAN AZIZ,             Civil No. 07-3208 (JRT/FLN)

              Petitioner,

v.                                                   **ORDER**

LYNN DINGLE, Warden,

              Respondent.

Shah Quran Ehassan Aziz, #137424, MCF, 970 Pickett Street, Bayport, MN 55003-1490, petitioner *pro se*.

J. Michael Richardson, Assistant Hennepin County Attorney, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487, for respondent.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction for kidnapping and solicitation of prostitution. In a Report and Recommendation dated January 24, 2008, United States Magistrate Judge Franklin L. Noel recommended that this Court deny the petition. Petitioner did not file objections to the Report and Recommendation, and this Court subsequently adopted the Report and Recommendation and denied the petition. Petitioner then filed this motion to proceed *in forma pauperis* ("IFP") on appeal and requested a Certificate of Appealability as to the denial of his § 2254 petition.[1] For the reasons discussed below, the Court grants

---

[1] Petitioner also filed a motion for extension of time to file his notice of appeal. As explained below, the Court denies that motion as moot.

petitioner's motion to proceed IFP on appeal, but denies his request for a Certificate of Appealability.

A party who was permitted to proceed IFP in a district court action may proceed on appeal without further authorization, unless the Court finds that the appeal is not taken in good faith or is otherwise barred by statute. Fed. R. App. P. 24(a)(3). Here, the record shows that petitioner was granted IFP status for purposes of seeking habeas corpus relief in the district court. (*See* Docket No. 4.) The Court finds no evidence that petitioner's appeal from the denial of his petition is taken in bad faith, or that the appeal itself is statutorily barred. The Court therefore grants petitioner's motion to proceed IFP on appeal.

However, the Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Tiedeman v. Benson*, 122 F.3d 518, 523 (8th Cir. 1997). To make that showing, the issues must be debatable among reasonable jurists, a court must be able to resolve the issues differently, or the case must deserve further proceedings. *See Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994). Here, the Court denied the § 2254 petition because petitioner had failed to raise any of the asserted grounds for relief on direct appeal in the state appellate courts, resulting in the procedural default of claims raised for the first time in a federal habeas proceeding. *See Greer v. State*, 673 N.W.2d 151, 155 (Minn. 2004); *see also Yist v. Nunnemaker*, 501 U.S. 797, 801 (1991) (noting that when a state-law default "prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court"). The Court

further determined that petitioner had not argued or demonstrated "cause and prejudice" or "actual innocence" to excuse the procedural default. *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997).

The principles governing federal court review of § 2254 habeas claims are well settled. The Court finds it unlikely that another court would decide the issues raised in petitioner's § 2254 petition differently, or that any of the issues raised in the petition would be debatable among reasonable jurists. Thus, petitioner has not made the required substantial showing of a denial of a constitutional right. The Court therefore denies petitioner's request for a certificate of appealability in this matter.

Finally, on March 4, 2008, petitioner filed a motion for an extension of time to file his notice of appeal. Unless otherwise provided, a party must file a notice of appeal with the district clerk "within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(A). The Court denied petitioner's § 2254 petition in an order dated February 19, 2008, and judgment was entered in the case on February 20, 2008. Petitioner filed his notice of appeal to the Eighth Circuit on March 17, 2008. Accordingly, petitioner timely filed his notice of appeal within 30 days of the order and judgment in this case, and there is no need to grant petitioner an extension of time to file the notice of appeal. The Court therefore denies as moot the motion for an extension of time to file a notice of appeal.

- 4 -

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Application to Proceed on Appeal *in forma pauperis* [Docket No. 15] is **GRANTED**.

2. Petitioner's Motion for Certificate of Appealability [Docket No. 14] is **DENIED**.

3. Petitioner's Motion for Extension of Time to File Notice of Appeal [Docket No. 12] is **DENIED as moot**.

The Clerk of Court is respectfully directed to mail a copy of this Order to petitioner.

DATED:  May 1, 2008                             s/ John R. Tunheim           _
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  United States District Judge